## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PIERCE HARRIS,                         *

    Plaintiff                 *

        v                  *              Civil Action No. DKC-12-434

ROBERT L. GREEN, et al.                *

    Defendants                 *
               ***

### MEMORANDUM OPINION

Plaintiff Pierce Harris ("Harris") filed the above-captioned Complaint pursuant to 42 U.S.C. §1983.  Defendants Robert L. Green, Susy K. Malagari, Arthur Wallenstein, and Jennifer Zuckerman by their attorneys filed a Motion to Dismiss for failure to state a claim, and/or for Summary Judgment, or in the Alternative, for More Definite Statement.  ECF No. 10.  Plaintiff has responded.[1]  ECF Nos. 15 & 16.  After review of the papers, and applicable law, the court determines that a hearing is unwarranted.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, the Motion to Dismiss will be GRANTED.

---

[1] In the cover letter accompanying his response, Plaintiff indicates that he is attempting to retain counsel.  ECF No. 15, Attachment.  To the extent Plaintiff's letter is construed as a request for appointment of counsel the request is denied. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.  Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.  The issues pending before the Court are not unduly complicated.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1).

**Background**

Harris, a former detainee at the Montgomery County Detention Center, filed the instant Complaint, alleging that on January 2, 2012, he was "pepper sprayed by correctional officers." ECF No. 1.  He states that sometime thereafter he suffered an asthma attack and was denied care for same.

He further alleges correctional staff violated his rights by punishing him to cover up their mistakes.  Plaintiff states that staff threatened, harassed and assaulted him.  He further alleges that correctional staff  ignored him when he attempted to notify them of ongoing issues that put him in danger.  *Id*.

He also alleges that he has been denied adequate access to speak with a lawyer, the courts, or to go to the law library or regular library.  *Id*.  Plaintiff states that his legal and non-legal mail has been mishandled.  Specifically he indicates that his legal mail was not opened in his presence and not all of his legal and personal mail has been mailed out.  Plaintiff also alleges that paperwork was falsified in order classify him as a maximum security risk to cut off his contact with the "outside."  *Id*.

**Standard of Review**

A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).  The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the

complaint." *Id*. at 563.  Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.      Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club,*

*Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw

all inferences in her favor without weighing the evidence or assessing the witness' credibility."

*Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and

citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court

explained that in considering a motion for summary judgment, the "judge's function is not

himself to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party."  *Id*. at 248.  Thus,

"the judge must ask himself not whether he thinks the evidence unmistakably favors one side or

the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the

evidence presented."  *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any

material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a

sufficient showing on an essential element of his or her case as to which he or she would have

the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Therefore, on

those issues on which the nonmoving party has the burden of proof, it is his or her responsibility

to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## Analysis

A.   Respondeat Superior

Plaintiff has simply listed Defendants Wallenstein, Green, and Malagari in the caption of the Complaint.  He has failed to allege any action on their part and as such Plaintiff's claims against them are subject to dismissal.  *See e.g. Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (dismissing cause of action against official where Plaintiff failed to allege any personal connection between the official and the denial of Plaintiff's constitutional rights.).

To the extent Plaintiff alleges that Defendants Wallenstein, Green, and Malagari were responsible for overseeing the correctional facility, such a claim is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims.  *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials must be   "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to

or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).  Plaintiff has pointed to no action or inaction on the part of Defendants Wallenstein, Green, and/or Malagari that resulted in a constitutional injury, and accordingly, his claims against them shall be dismissed. [2]

B.      Verbal Abuse

        "[N]ot all undesirable behavior by state actors is unconstitutional."  *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995).  Verbal abuse of inmates by guards, including aggravating language, without more, states no constitutional claim.  *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff laughed at inmate and threatened to hang him); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (racial slurs); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980) (no harm alleged from claimed verbal harassment and abuse by police officer).  Further, verbal harassment is not actionable under § 1983. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir.1998); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y.1998); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987); Cole v. Cole, 633 F.2d 1083, 1091 (4th Cir.1980); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D.Ill.1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment).  Plaintiff's naked assertions that staff verbally abused and harassed him fails to state a claim.

---

[2] Plaintiff's sole claim against Zuckerman is that she declined to review a video tape.  ECF No. 1.  Such action fails to state a claim of a constitutional injury.

C.      Assault

In order for a pretrial detainee to succeed on a claim of excessive force, the complaint must demonstrate that a defendant "inflicted unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 320 (1986).  Whether a pretrial detainee or a convicted prisoner, a plaintiff must allege facts that the use of force was applied "maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  *See Whitley v. Albers*, 475 U. S. 312, 321 (1986).  Here, Plaintiff simply alleges that during a disturbance which Plaintiff was not participating in, pepper spray was used by unidentified correctional officers.  Plaintiff has not alleged, nor can it be inferred from the allegations contained in the complaint, that the unidentified officers inflicted unnecessary and wanton pain and suffering or that any force used was done so maliciously, sadistically, and with the intent to cause harm.  Plaintiff has failed to state an excessive force claim.

D.      Denial of Medical Care

Claims of denial of medical care under the Fourteenth Amendment are reviewed under the same standard as those under the Eighth Amendment.  *See Hill v. Nicodemus*, 979 F. 2d 987 (4th Cir. 1991).  In order to state a claim for denial of medical care, a Plaintiff must demonstrate that the actions of the Defendants or their failure to act amounted to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner Plaintiff was suffering

8

from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer*, 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown* 240 F. 3d at 390; *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Here, Plaintiff alleges that he suffered an asthma attack as a result of correctional staff deploying pepper spray. Plaintiff's asthma attack either subsided without any intervention or Plaintiff self-treated with his previously prescribed inhaler.[3] *See* ECF No. 10, Ex. 1. In either event, no medical treatment was required for the asthma attack, thus calling into question the seriousness of Plaintiff's medical need. Assuming, arguendo, that Plaintiff's asthma attack constituted a serious medical need, there is no allegation that any of the unidentified correctional

---

[3] After Plaintiff suffered several spontaneous asthma attacks, he was supplied an inhaler on December 28, 2011. ECF No. 10, Ex. 1.

officers were aware Plaintiff was suffering such an attack.  Rather, Plaintiff states that correctional staff ignored him.  *See* ECF No. 1.  Accordingly, Plaintiff's claim of denial of adequate medical care fails.

D.     Access to Courts

Plaintiff alleges generally that he was denied access to his attorney and the law library, and that his legal mail was tampered with.  Although Plaintiff is entitled to meaningful access to the courts, *Lewis v. Casey,*  518 U.S. 343, 351 (1996), the State satisfies this obligation where a pretrial detainee is provided professional legal assistance.  *See United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978).  To state a constitutional claim for denial of access to the courts, a plaintiff must show that the alleged shortcomings "hindered his efforts to pursue a legal claim."*Lewis*, 518 U.S. at 351.  A deprivation of the right of access to the courts is actionable, but only where the plaintiff is able to demonstrate actual injury from such deprivation. *Id.*, 518 U.S. at 349.  Plaintiff has advised the court of no actual injury or specific harm which he has suffered as a result of the alleged conduct by unidentified prison staff;  Plaintiff  merely offers conclusory statements that the conduct of unidentified staff violated his constitutional rights. Without greater specificity, these claims fail.

Plaintiff's claim that on occasion his mail was not delivered to him likewise fails, to the extent it is brought as a claim of mail tampering.  *See Gardner v, Howard*, 109 F.3d 427, 431 (8th Cir. 1997) ("isolated, inadvertent instance of prison personnel opening incoming mail marked confidential "without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation" quoting *Smith v. Masher*, 899 F.2d 940, 944 (10th Cir. 1990)).

For the reasons stated, Defendants' dispositive motion shall be granted.  A separate Order shall be entered in accordance with this Memorandum Opinion.

_____February 26, 2013_____                    _____/s/_____
Date                                                                     DEBORAH K. CHASANOW
                                                                              United States District Judge